No. 41676.—Petition 5721–R of Ferd. Mulhens, Inc. (New York).

DALLINGER, Judge: This petition was filed under section 489 of the Tariff Act of 1930 for remission of additional duties imposed by the collector of customs at the port of New York on certain wicker-covered glass bottles imported from the Netherlands in November 1936, and which were entered at less than the final appraised value.

Entry was made at the invoice prices less nondutiable charges on the basis of foreign value; but an amended entry was filed on August 9, 1937, making the entered value the invoice price less nondutiable charges, plus 18 percent, plus packing, on the basis of the cost of production

During the interval between the filing of the original and the amended entries it appears from the evidence that an investigation was made abroad both by the Government and by the importer herein. Moreover, on March 22, 1937, the case of *Lionel Trading Co., Inc.* v. *United States*, originally decided by this court on May 16, 1935 (Reap. Dec. 3621, 67 Treas. Dec. 1546), holding that the cost of production was the proper basis for determining the value of such bottles, was affirmed by the United States Court of Customs and Patent Appeals in *Lionel Trading Co., Inc.* v. *United States*, 24 C. C. P. A. 432, T. D. 48900.

In all the subsequent entries the importer paid the increased duties at the time the amended entries were made, but in the case of the particular amended entry involved herein, filed on August 9, 1937, he failed to do so. Eight days later, on August 17, 1937, the appraiser appraised the merchandise herein and advanced the value thereof by 18 percent, and on August 30, 1937, the collector sent a notice of advance in value to the importer, following the decision of the United States Court of Customs and Patent Appeals in *United States* v. *G. W. Sheldon & Co. (Renaud & Co)*, 23 C. C. P. A. 245, T. D. 48108, in which it was held that where the importer seeks to amend his entry by making additions thereto in order to make market value, but fails to deposit the increased estimated duties as required by customs regulations, the case must be considered as if the attempted amendment had not been made.

At the first hearing in the instant case, held on November 25, 1938, the petitioner offered in evidence the testimony of Herman R. Heemsoth, president of the Heemsoth, Kerner Corporation, customs brokers for the petitioner. He testified that he supervised the filing of the original entry herein on November 19, 1936, as well as the filing of the amended entry on August 7, 1937; that the amended entered value was 18 percent higher than the original entered value; that between the date of the filing of the original entry and the date of the filing of the amended entry an investigation was conducted by the examiner to determine the proper dutiable value; that the witness amended eight or ten other entries for the same importer covering importations of similar merchandise during the month of August 1937, the increased duty having been paid at the time; that the reason why he did not pay the increased duty at the time the amended entry herein was filed was that the particular clerk whose duty it was to make such payment was away on his vacation; that in failing to pay the increased duties at the time the witness did not intend to defraud the revenue of the United States; that he was in constant communication with the examiner; that he did not conceal any information from the examiner or the appraiser; that he did not deceive the appraiser or the examiner with reference to the merchandise; that the witness paid the increased duties on August 25, 1937; that when he received notice of the advance from the collector on August 30, 1937, he made inquiries at the customhouse and was informed that under a previous ruling of the Treasury Department, inasmuch as the increased duties had not been paid at the time the amended entry was filed, the said amendment of the entry must be considered as not having been made.

At the second hearing, held on March 23, 1939, the witness, Herman R. Heemsoth, was recalled and testified that he submitted on November 2, 1936, to Examiner Simonetti, a request for information, which request was admitted in evidence as Exhibit 1; that in response to this request Examiner Simonetti, on November 9, 1936, noted in red ink on said Exhibit 1 that the merchandise should be entered at the invoice prices less nondutiable charges, plus 10 percent, plus 8 percent, plus cost of case and packing; and that on August 7, 1937, the witness filed an amended entry stating the dutiable value to be the invoice prices less nondutiable charges, plus 10 percent, plus 8 percent, plus cost of case and packing, in accordance with the instructions of the examiner.

The petitioner then offered in evidence the testimony of Karl Woltersdorf, the manager of the purchasing and import department of the petitioner, who testified that he instructed the petitioner's customs brokers, Heemsoth, Kerner Corporation, to make the original entry at the invoice prices, less nondutiable charges, believing that such was the correct foreign market value of the merchandise in question; that at the time Examiner Simonetti told the witness that as there was only one shipment, he (Simonetti) was willing to accept the entry at the invoiced value, provided the witness would obtain for him certain information from the shipper in Holland, to wit: whether there were any similar bottles being sold in Holland for home consumption; that immediately after said conversation with Examiner Simonetti the witness wrote a letter to the foreign shipper, a carbon copy of which letter was admitted in evidence as Exhibit 2; that on December 28, 1936, the witness received a letter in reply from the foreign shipper in Amsterdam, which letter was admitted in evidence as Exhibit 3, in which it was stated that practically no wicker-covered bottles were sold for home consumption in Holland; that upon receiving said letter he did not immediately give instructions to his customs brokers to amend the entry, for the reason that the question then arose as to who was the actual manufacturer of the bottles; and that the whole matter was left open awaiting further examination abroad and the decision of the appellate court in cases involving similar merchandise.

On cross-examination the witness testified that at the time the original entry was made he was of the opinion that the invoice value correctly represented the foreign and dutiable value of the merchandise; that he continued to be of the same opinion even after Examiner Simonetti noted in red ink on the Exhibit 1 that in his opinion the proper dutiable value was that stated in the invoice, less nondutiable charges, plus 10 percent, plus 8 percent, plus the cost of case and packing. Upon further conference he agreed to accept the original entry for the time being, pending information from Holland, which he requested the witness to obtain for him; that the letter written by the witness to Holland, and the answer received, concerned solely the question as to whether any similar bottles were being sold in Holland for home consumption; that, as previously stated by the witness, the question then arose as to who was the manufacturer of said bottles; and that the matter was kept open pending further information and the decision of the court involving similar merchandise.

On redirect examination the witness testified that up to the time the amended entry was filed the witness was investigating the question of the cost of production of the merchandise at bar.

Upon the entire record we are satisfied that throughout the entire transaction the importer herein and its customs brokers acted in good faith and that there was never any intention on the part of either of them to defraud the revenue of the United States, or to deceive the appraiser, or to misrepresent the facts of the case.

The petition is therefore granted.